Mr. Justice Cox
delivered the opinion of the Court.
This is an action brought upon a written contract of sale, by which the defendant, Mrs. Kiernan, agrees to sell certain property to the plaintiff for the sum of $3,000, and as part of the stipulation it was provided that all taxes should be paid to the date of sale. The sale was completed and the conveyance passed, and afterwards, the plaintiff alleges, that he discovered that a special tax had been assessed upon the property in question, to the amount of. $173, for the paving of an alley adjoining the premises; that he was compelled to pay that sum in order to prevent the property from being sold, and demanded repayment from the defendant, and that she refused.
The defendant filed the general pleas that she did not promise as alleged, and is not indebted as set out in the declaration. There is an affidavit filed, in which the defendant sets out, in substance, that at the time of the sale she was not aware of the existence of this assessment, but, since the matter has been brought to her attention, she has discovered that the alleged tax was assessed on account of what is commonly called compulsory permit work, under the act of Congress of *212 July 18, 1888. I might as well refer to that at once, and state what the question is. That is an appropriation act. There is an appropriation “for the improvement and repair of alleys and sidewalks and the construction of sewers under the permit system, $90,000: Provided, that the property owners requesting such improvements shall pay one-half of the total cost; and provided further, that the Commissioners of the District of Columbia are authorized in their discretion to order such of the above enumerated work as in their opinion is necessary for the public health, safety or comfort, and to pay the total cost of such work from said appropriation, one-half of the cost of such work to be charged against and become a lien upon the abutting property, and its collection to be enforced in the same manner as the collection of general taxes.”
It will be observed that there are two clauses in this section. One relates to work which is done upon the request of property owners, and that provides that the property owners requesting the improvement shall pay one-half of the total cost. The defendant says that she never requested that improvement, and consequently she does not come within that clause. The other clause authorizes the Commissioners to order the work done in their discretion, and she says that if it was done under that clause, she never had any notice of the proposed work, and therefore never had an opportunity of being heard as to the cost of the work, or the propriety of having it done, or the proper proportion of the cost to be assessed, as between herself and the other property owners. The argument is, that the whole Act of Congress, as to this taxation, was absolutely void, whether notice was in fact given to the defendant or not, upon the ground that the law does not provide for any notice or any of the guarantees that ordinarily accompany the process of taking private property for public use; therefore it is taking private property without due process of law. It is a singular fact that the law does not declare in what manner the assessment shall be made, and does not provide for any notice to parties or any opportunity for them to be heard. It gives the Commissioners authority in their discretion to order the work to be done, and says that one- *213 half of the cost of the work is to be charged against and become a lien upon the abutting property; but whether to be charged according to area, frontage or valuation is not defined.
It is said, on the part of the plaintiff, that the validity of this assessment cannot be questioned collaterally, but that it can only be done by a proceeding by way of certiorari. Whatever might be the case if it were a mere question of irregularity, no such question arises here, because it is not an irregularity that is complained of, but a total absence of authority to execute the work. That identical question occurred in New York, and came before the Supreme Court of the United States, in the case of Spencer vs. Merchant, 100 N. Y. It was a case where the contract was made to sell property, with a covenant against all encumbrances. The vendor discovered a tax lien upon his property, as he supposed. He called upon the defendant to pay, which he refused, and then sued him for not doing it. That case came before the Supreme Court, and in that case the controversy was whether the law under which the tax was levied was not void under the constitution of New York, as in conflict with that' provision which is common to that constitution and to the Constitution of the United States, viz: that nobody shall be deprived of his property, without due process of law. The question never was made whether the validity of that tax could be inquired into as between the parties.
We hardly think it necessary, at this stage of the present case, to go at length into or decide definitely the grave constitutional question, whether this law is void because it is taking private property without due process of law. The motion here is for a judgment, notwithstanding the plea. It is sufficient for us to say that the authorities cited to us in the State courts favor the contention of the defendant, and we know nothing in the decisions of the Federal courts which does not harmonize with this.
In a case in 4th New York this question is discussed at considerable length, and the court held the fact that a law of New York did not provide for a notice to the parties interested in *214 regard to an assessment, sufficient to invalidate the law. There is a case in 65 California of the same character.
It is safe, however, for us to say that so much can be said in favor of the contention of the defendant that we would not be warranted in giving j udgment upon this showing, adversely to the defendant, and we simply overrule that motion for the present.
If the question should come before us again, we will give it more deliberate consideration.